## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANKY UKAU and SOFALIN SINUK, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FUSHENG WANG, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Case No. CV0687-14 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendants Fusheng Wang, Wei Ping Wang, Fusheng Construction Company, and Min Wang's ("Defendants") *Ex Parte* Application to Continue Trial. Attorney Delia S. Lujan Wolff represents Defendants. Attorney Robert L. Keogh represents Plaintiffs Franky Ukau and Sofalin Sinuk ("Plaintiffs"). For the reasons set forth below, the Court **DENIES** Defendants' Application and **DENIES** Plaintiffs' request for sanctions.

## BACKGROUND

This matter stems from Plaintiffs' civil suit against Jennie Wang and Entity Construction, Inc. ("Entity") in the District Court of Guam. First Am. Compl. at 4 (Aug. 31, 2016). On June 26, 2014, the District Court of Guam issued its Findings of Fact and Conclusions of Law, awarding Plaintiffs compensatory damages in the amount of $6,526,321.33, plus attorney's fees. Keogh Decl., Ex. B (Sep. 4, 2014). On June 27, 2014,

**ORIGINAL**

Plaintiffs filed a Complaint to Set Aside Fraudulent Conveyances of Real Properties with the Superior Court of Guam, alleging that Entity conveyed real property to Fusheng Wang, Wei Ping Wang, and Fusheng Construction with the intent to defraud and obstruct Plaintiffs from claiming damages pursuant to the District Court of Guam's judgment. First Am. Compl. at 1.

On August 28, 2019, the Court issued an Order Setting Case Schedule which set a trial date of February 10, 2020. On January 17, 2020, Defendants filed an *Ex Parte* Application to Continue Trial. Plaintiffs filed an Opposition on January 21, 2020, and Defendants filed a Reply on January 23, 2020. The Court held a Motion Hearing on January 23, 2020, and subsequently took this matter under advisement.

## DISCUSSION

Under the Local Rules of the Superior Court of Guam, "[a] deadline established by a Scheduling Order may be extended only upon a good cause finding by the Court." CVR 16.5. A party shows good cause by demonstrating that even with the exercise of due diligence, it cannot meet a Scheduling Order's deadline. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

**A. Mr. Lujan's scheduling conflict does not constitute good cause to continue trial.**

Defendants first assert that continuance is warranted because Defense Counsel David J. Lujan ("Mr. Lujan") has a scheduling conflict which makes him unavailable to attend trial. Mr. Lujan is a party to a civil lawsuit in the District Court of the Northern Mariana Islands. Mediation in that case is scheduled to take place in the United States mainland beginning in mid-February 2020. Mr. Lujan is required to attend that mediation and will leave Guam prior to February 10, 2020.

ORIGINAL

Mr. Lujan has not appeared at any of the seven depositions taken in this matter. Mr. Lujan has not filed anything with the Court on his client's behalf since January 18, 2017. All other filings have been by his associate, Attorney Delia S. Lujan Wolff ("Ms. Wolff"). During the motion hearing, Mr. Lujan expressed uncertainty about which defendant he represented and stated that he was unprepared to argue the legal merits of the motion. The Court further notes that a Further Proceedings took place on December 10, 2019, during which Ms. Wolff and Mr. Lujan were both present, yet neither mentioned any potential scheduling conflict.

On January 23, 2020, just minutes before the motion hearing, Mr. Lujan filed a declaration in which he claims he will be traveling for mediation beginning on February 9, 2020. The declaration does not provide any statement as to why Ms. Wolff cannot try this case despite being the lead attorney in every respect for several years.

The Court therefore finds that Defendants' request for continuance is without merit. Ms. Wolff has appeared as Defendants' primary counsel for several years. Now, on the eve of trial, Ms. Wolff states that Mr. Lujan is the "main counsel" in this matter. The Court finds it highly unlikely that "main counsel" would (1) be unsure which defendant he represents, (2) be largely unfamiliar with a motion filed three weeks before trial, (3) be completely uninvolved in all pre-trial preparation, including discovery, and (4) schedule off-island mediation in another matter at the same time as this trial, which was scheduled roughly six months in advance. It appears that Mr. Lujan's new designation as "main counsel" is due to the fact that Defendants are looking for any excuse to delay trial and Mr. Lujan's travel seems like a viable possibility for continuance. This falls far short of the "good cause" standard under Local Rule 16.5.

ORIGINAL

**B. Plaintiffs have not committed any discovery violations.**

Defendants further argue that Plaintiffs have not complied with their discovery obligations and Defendants therefore cannot adequately prepare for trial. Defendants state that Plaintiffs have subpoenaed numerous non-party institutions for documents and then proceeded to not share those documents with Defendants, violating Guam Rules of Civil Procedure 5 and 45.

It is undisputed that Plaintiffs subpoenaed non-parties, provided copies of the subpoenas to Defendants, received documents from the non-parties, and refrained from sharing those documents with Defendants. The parties dispute whether Rules 5 and 45 require Plaintiffs to automatically provide Defendants with any documentation received pursuant to the subpoenas.

Rule 5 requires that "every paper relating to discovery required to be served upon a party . . . shall be served on each of the parties." GRCP 5(a). The question before the Court is whether documents received pursuant to a subpoena are papers "related to discovery required to be served upon a party." Rule 45 requires that "[p]rior notice of any commanded production of documents and things . . . before trial shall be served on each party." GRCP 45(b)(1). Defendants state that because Plaintiffs directly subpoenaed non-parties, Plaintiffs "were required to serve to the defendants a copy of the documents produced pursuant to the subpoenas . . . regardless of whether the subpoenas seek documents pertaining to Defendants." Reply at 3 (Jan. 23, 2020).

Rule 45 does not indicate that documents obtained via subpoena must be turned over to the opposing party. Instead, it only requires *notice* of subpoenas to be served on opposing parties. Defendants have not provided any case law to support their broad reading of Rule 45.

ORIGINAL

The purpose of Rule 45's notice requirement is to provide opposing parties an opportunity to object to subpoenas. *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003).

The Court further notes that Defendants only now, weeks before trial, state they lack all necessary discovery despite this case having a discovery cut-off date of August 26, 2019. Minute Entry (Aug. 12, 2019). If Defendants were sincerely concerned about discovery issues, they should have brought their concerns to the Court's attention long before the eve of trial. As with Defendants' "off-island travel" argument, it appears that Defendants have created this discovery issue in a disingenuous attempt to delay trial. Defendants' request lacks the "good cause" required for modification of the current trial schedule.

**C. Defendants are capable of obtaining the necessary discovery without violating Rule 45.**

Defendants further argue that they are unable to subpoena non-parties for the same information requested by Plaintiffs because such duplicative requests would violate Rule 45, which requires that a party or attorney serving the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." GRCP 45(c)(1).

Defendants have provided no case law to support their contention that subpoenaing non-parties for information already provided to Plaintiffs would constitute an "undue burden" to the non-parties. The Court first notes that most of the subpoenaed documents at issue are the financial records of Defendants themselves, and Defendants therefore already have access to the documents and do not need to file additional subpoenas. As for the other subpoenaed materials, the Court finds that the non-parties subject to the subpoenas are large financial

ORIGINAL

institutions and title companies capable of complying with additional subpoenas without suffering an undue burden.[1]

Additionally, the factual record demonstrates that Defendants have had ample opportunity to obtain the disputed materials without issuing subpoenas. On August 13, 2018, Plaintiffs' counsel responded to Defendant Wei Ping Wang's request for all documents produced in response to Plaintiffs' subpoenas. Keogh Decl., Ex. D (Jan. 21, 2020). Plaintiffs objected to this discovery request, arguing that it was vague, unduly burdensome, and oppressive. *Id.* However, Plaintiffs stated that they objected "unless the requesting defendant agrees to pay for the costs incurred by plaintiffs in obtaining all subpoenaed documents, the costs of reproduction and the costs of plaintiffs' attorney's staff time to gather, organize and reproduce all documents prior being produced for the defendant Wei Ping Wang." *Id.* Plaintiffs' counsel estimated the costs to be $2,500.00 and agreed to produce the documents once a financial agreement was reached. *Id.* Counsel for Wei Ping Wang never responded. Keogh Decl. ¶ 5.

Third, Defendants claim that "Plaintiffs' failure to provide the subpoenaed documents to Defendants has harmed Defendants in their ability to fully respond to the report of Plaintiffs' expert, who has indicated in his report that he has viewed numerous subpoenaed documents including records for several bank accounts. Not having all of the records relied upon by Plaintiffs' expert also prejudices Defendants in their ability to adequately examine Plaintiffs' expert at deposition or trial." *Ex Parte* Appl. at 3 (Jan. 17, 2020). As discussed above, Plaintiffs

---

[1] The non-parties in question are: (1) ANZ Bank, (2) Security Title, Inc., (3) Lisheng Xing (an accounting firm), (4) Pacific American Title and Escrow Company, (5) Title Guaranty of Guam, (6) Bank of Guam. Decl. of Delia Lujan Wolff (Jan. 23, 2020); Suppl. Reply (Jan. 24, 2020).

ORIGINAL

have not committed any discovery violations. Defendants cannot claim to be prejudiced by their own mishandling of the discovery process.

**D. Plaintiffs' request for sanctions is procedurally improper.**

Pursuant to Guam Rule of Civil Procedure 11(c)(1), "[a] motion for sanctions . . . shall be made separately from other motions or requests." Plaintiffs have not filed a separate motion for sanctions, but instead included a request for sanctions within their Opposition brief. Opp'n at 10-11 (Jan. 21, 2020). Due to the procedural defects of Plaintiffs' request, the Court will not entertain their request for sanctions at this time.

**CONCLUSION**

For the reasons above, the Court **DENIES** Defendants' *Ex Parte* Application to Continue Trial and **DENIES** Plaintiffs' request for sanctions.

SO ORDERED, this _31_ day of ___Jan. 2020___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
Robert L. Keogh;
Lujan + Wolff
Date: 1-31-20 Time: 4:45pm

Deputy Clerk, Superior Court of Guam

ORIGINAL